UNITED STATES DISTRICT COURT
For the Northern District of California

# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| R.J., a minor, by and through her Guardian Ad Litem, ANIL JAIN, <br><br> Plaintiffs, <br><br> v. <br><br> MITSUBISHI MOTORS NORTH AMERICA, INC., <br><br> Defendant. | No. C 13-2165 LB <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM** <br><br> [Re: ECF No. 3] |

## INTRODUCTION

Anil Jain and R.J. (collectively, "Plaintiffs") sued Mitsubishi Motors North America, Inc. ("Mitsubishi") under strict liability theories of design and manufacturing defect and failure to warn. Complaint, ECF No. 1.[1]  R.J. is a minor and the daughter of Anil Jain. *Id*. at 1.  The gist of Plaintiffs' complaint is that Mitsubishi's alleged design and manufacturing defect and failure to warn resulted in their injuries on August 20, 2011, when they were involved in an auto accident. *See* Complaint, ECF No. 1.  Plaintiffs now move for Anil Jain's appointment as guardian ad litem for R.J.  Motion, ECF No. 3.  No party has opposed the motion.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 13-2165 LB
ORDER

**LEGAL STANDARD**

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).[2]

An individual's capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b). Under California law, an individual under the age of eighteen is a minor. Cal. Fam. Code § 6502. A minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code § 6601. The court may appoint a guardian ad litem to represent a minor's interests in the litigation. Cal. Code Civ. P. § 372(a). In making the determination concerning the appointment of a particular guardian ad litem, the court shall consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1).

"'When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action,' a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 54 Cal. Rptr. 3d 13, 22-23 (Cal. Ct. App. 4th 2007) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Williams*, 54 Cal. Rptr. 3d at 23.

**ANALYSIS**

R.J. is the daughter of Anil Jain. Complaint, ECF No. 1 at 1. Because R.J. is under the age of

---

[2] "A 'next friend' who initiates suit in federal court bears the burden of proving his suitability according to three general factors that are independent of the law of the forum state. These factors are: 1) an adequate explanation of why the minor may not bring suit himself; 2) a true dedication to the best interest of the minor; and 3) some significant relationship with the minor." *Anthem Life Ins. Co. v. Olguin*, No. 1:06-cv-01165, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007) (citing *T.W. v. Brophy*, 954 F.Supp. 1306, 1309 (E.D. Wis.1996), *aff'd*, 124 F.3d 893, 896-97 (7th Cir. 1997)). "It appears to be the common practice to appoint a parent to act as next friend for a child." *Anthem Life Ins. Co.*, 2007 WL 1390672, at *2 (citing *Gonzalez v. Reno*, 212 F.3d 1338, 1352 (11th Cir. 2000)).

eighteen,[3] she is a minor under California law. Cal. Fam. Code § 6502. As a minor, her ability to bring suit is contingent upon appointment by the court of a guardian ad litem. Anil Jain may serve as her guardian ad litem so long as he does not have an interest adverse to R.J.'s interests.

Upon review of the complaint, the record in the case, and Plaintiffs' motion, the court finds that Anil Jain and R.J. have no adverse interests. Anil Jain brought this action on behalf of his minor daughter, and to the extent that Anil Jain brings claims on behalf of himself, the court finds them not to be in conflict with R.J.'s claims. Therefore, Anil Jain's appointment as guardian ad litem for his daughter R.J. is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000), *aff'd* 212 F.3d 1338 (11th Cir. 2000) ("[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)."); *Robidoux v. Wacker Family Trust*, No. CIVS-06-2334 LKK-DAD, 2009 WL 1531785, at *1 (E.D. Cal. May 29, 2009), *rev'd on other grounds by* No. 09-16674, 2011 WL 1136241 (appointing plaintiff mother as guardian ad litem for plaintiff children in housing discrimination case).

## CONCLUSION

Based on the foregoing, Plaintiffs' motion is **GRANTED**. The court hereby appoints Anil Jain as guardian ad litem for his minor daughter, R.J., in this action.

This disposes of ECF No. 3.

**IT IS SO ORDERED.**

Dated: May 24, 2013

LAUREL BEELER
United States Magistrate Judge

---

[3] There appears to be a discrepancy regarding R.J.'s age at the time of the accident. *Compare* Complaint, ECF No. 1 at 1, ¶ 4 (stating R.J. was 11 years old at the time of the accident) *with* Jain Declaration, ECF No. 6-2 at 1 ("my then nine year old daughter"). Nevertheless, R.J. is under the age of 18 now.